# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

V.                                            CAUSE NO. 3:19-CR-20-CWR-LRA

WILLIAM B. MCHENRY, JR.                                          DEFENDANT

## ORDER

Before the Court is Brent Alexander's motion to quash a trial subpoena. Docket No. 35.

For more than a year and a half, this Court has presided over the civil and criminal cases related to the Madison Timber Ponzi scheme. This matter, *United States v. McHenry*, is the second criminal case to be filed in the aftermath of that scheme. The case commenced in January 2019 and was unsealed in March, before proceeding into discovery. In August, the Court told the parties that it expected them "to be ready to take this matter to trial," but the parties sought and received a final continuance to the December 2 trial setting. Docket No. 25. That setting is now upon us.

The defendant, through counsel, has made preparations to call Brent Alexander as a trial witness. On November 20 and 26, the defendant's investigator attempted to serve Alexander with a trial subpoena at Alexander's place of employment and through Alexander's counsel in a pending civil matter.[1] The investigator's calls and messages were not returned. The defendant's attorney then received permission for the U.S. Marshals Service to serve the subpoena. A Deputy

---

[1] The defendant's investigator ran into difficulties with two trial subpoenas—one for Alexander, and the other for Jon Seawright, Alexander's business partner and co-defendant in the civil case. On November 22, the defendant's investigator spoke with Seawright about the subpoenas. We do not know if Seawright subsequently communicated with Alexander about the subpoenas. What we do know is that Alexander's counsel in the civil matter did not accept the subpoena on behalf of his client.

Marshal did so on Wednesday, November 27—the day before Thanksgiving and the last business day before the commencement of this criminal trial.

Later that same afternoon, Alexander filed the present motion through attorney Brad Pigott. Pigott is not Alexander's representative in the civil matter also pending before this Court—so had not been contacted by the defendant's investigator about the subpoena—but apparently was hired "numerous months" ago to assist Alexander with the U.S. Attorney's Office's ongoing criminal investigation into the Madison Timber Ponzi scheme.[2] The motion says that Alexander will invoke his Fifth Amendment right at trial, and asks that the subpoena be quashed to protect his constitutional right. Docket No. 35 (citing Fed. R. Crim. P. 17(c)(2)).

The first issue is whether this Court should hear the present motion. Because Brad Pigott is one of the few attorneys on the undersigned's recusal list, had he filed a lawsuit in connection with the issues presented in this case, this Court would ordinarily have issued a generic Order of Recusal under 28 U.S.C. § 455. The posture of the present motion, however, is not ordinary.

Recusal issues require "a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). What follows will explain why the circumstances of this case require the matter to proceed to verdict uninterrupted.

First, it is past time for this criminal case to be tried. The defendant has a right to be confronted with the government's evidence in a speedy trial, and the many victims of the Madison Timber Ponzi scheme are entitled to finally hear that evidence, if it exists. This trial will

---

[2] The extent of Pigott's retention is not clear. Sometimes lawyers are retained for pre-indictment negotiations, but once the grand jury returns an indictment, another attorney enters an appearance to complement or replace the original lawyer. For sure, Pigott is not counsel of record in the civil action pending against Alexander.

not be derailed by a last-minute recusal and reassignment to a new District Judge who could not hear the case until 2020.

Second, Alexander's own actions have rendered his motion untimely. Perhaps he could have predicted months ago that he would be called to testify in this matter; it is not entirely clear. At a minimum, however, he could have filed his motion days if not a full week earlier, had he not evaded service of the subpoena. That at least would have given all involved the time to discuss and hear the motion and its attendant concerns.

Third, it is well-established that "a litigant should not be permitted to utilize a disqualification issue as part of his trial strategy." *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1115 (5th Cir. 1980). A defendant generally may be represented by the attorney of his choice, but that right "may be overridden when compelling reasons exist," including when the attorney was selected "for purposes of delay or obstruction of the orderly conduct of the trial." *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1263 (5th Cir. 1983) (quotation marks and citations omitted).[3]

Although this Court is confident that Alexander's selection of counsel was not a sham—Pigott is a former U.S. Attorney for this Judicial District, with considerable expertise in negotiating with that Office—it is not obvious why he filed the present motion. There are several other criminal defense attorneys who could represent Alexander's particular, testimonial interests in this case without creating a conflict or necessitating a rescheduling of this trial. If his primary desire was to have counsel who had worked in the U.S. Attorney's Office, they too are out there.

---

[3] The Fifth Circuit continued, "[i]f, after seeing who the judge is or weighing his rulings for a period of years, a litigant could in effect veto the allotment and obtain a new judge by the simple expedient of finding one of the judge's [former colleagues] who is willing to act as counsel, it would become possible for any party to disrupt preparation for, or, indeed, the trial itself." *McCuin*, 714 F.2d at 1264. Since a party cannot seek refuge in such a procedure, it is difficult to see how a non-party witness like Alexander can either.

Fourth, and finally, the motion fails on the merits. Federal Rule of Criminal Procedure 17(c)(2) provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Here, even if Alexander had accepted the subpoena immediately and filed his motion, it would not be unreasonable or oppressive for him to comply with the subpoena. If the defendant calls Alexander to the witness stand, Alexander may assert his Fifth Amendment right against self-incrimination. He has not pointed to any case law indicating that such a procedure would be unreasonable, oppressive, or violate his constitutional rights.

Accordingly, the motion is denied.

**SO ORDERED**, this the 1st day of December, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE